996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie F. JOHNSON, Defendant-Appellant.
 No. 92-3083.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1993.
 
 Before: MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is a direct appeal of a criminal conviction in which the attorney for the defendant-appellant moves for permission to withdraw. In 1992, Willie Johnson pleaded guilty to failure to appear, in violation of 18 U.S.C. §§ 3146(a)(1) and 3147, and to possession and receipt of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The court sentenced Johnson to an aggregate 48 month term (24 months to be consecutive to the conviction underlying the failure to appear charge) and this appeal followed. Appellate counsel for Johnson has filed a motion to withdraw pursuant to Sixth Circuit Rule 12(d), and a brief following the procedure set forth in Anders v. California, 386 U.S. 738 (1967). Johnson was given until January 21, 1993, to respond in his own behalf but he has not done so to date. The government has filed a brief which contains a waiver of oral argument.
 
 
 3
 Upon consideration, we find no error in the proceedings on review. Johnson was indicted after he failed to appear for a bond revocation hearing in connection with a charge of false personation of a federal agent. He was subsequently arrested at his home pursuant to a warrant and was discovered with a firearm in his possession. Johnson entered a guilty plea and was sentenced at what is the minimum sentence in light of Johnson's lengthy history of misdemeanors and non-violent felonies.
 
 
 4
 Counsel for Johnson raised two possible appellate issues concerning the district court's subject matter jurisdiction over the crimes charged and the calculation of the guideline sentence. Neither issue has merit and an independent examination of the record has failed to uncover any other irregularity. The district court's order and detailed reasons in support of the sentence appear regular in all respects. The maximum penalty for a violation of 18 U.S.C. §§ 3146(a)(1) and 3147 (failure to appear) is two years and the maximum for a violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (felon in possession of a firearm) is ten years. The sentence meted out is within these limits. The sentence also appears to have been properly calculated under the guidelines. The court scrupulously followed the mandates of U.S.S.G. § 2J1.6, comment (n. 3), in which the failure to appear charge is to be referenced to the underlying offense. The appeal lacks merit.
 
 
 5
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.